United States District Court
Southern District of Texas
**ENTERED**
January 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLEAR POINT CROSSING RESIDENCE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-3900 |
| | § | |
| KAMILAH JOHNSON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER REMANDING CASE

Defendant Kamilah Johnson ("Johnson") removed this case to this Court under the federal question jurisdiction statute, 28 U.S.C. § 1331, and the civil rights removal statute, 28 U.S.C. § 1443. (Dkt. 1 at pp. 2–3). This Court is "duty-bound to examine the basis of subject matter jurisdiction sua sponte[.]" *Union Planters Bank National Association v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) ("[A] party may neither consent to nor waive federal subject matter jurisdiction."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Having examined Johnson's notice of removal, the record, and the applicable law, the Court concludes that it lacks subject matter jurisdiction over this dispute. This case is **REMANDED** to County Civil Court at Law Number 4 of Harris County, Texas, where it was assigned cause number 1209772.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Clear Point Crossing Residence ("Clear Point") filed a forcible entry and detainer action against Johnson in Texas state court. (Dkt. 5-3 at p. 2). After Clear Point prevailed before a justice of the peace, Johnson appealed the judgment to county court for a trial de novo under Texas Rule of Civil Procedure 506.3. (Dkt. 5-5 at p. 2; Dkt. 5-7 at p. 2).

Four days before the trial in county court was set to begin, Johnson removed this case to this Court. (Dkt. 1). In her notice of removal, Johnson quotes the civil rights removal statute, 28 U.S.C. § 1443, in its entirety; she also contends that this case "present[s] a ripe FEDERAL QUESTION concerning an unfair application of state law[,]" which the Court construes as a reference to the federal question jurisdiction statute, 28 U.S.C. § 1331. (Dkt. 1 at pp. 2–3).

## LEGAL STANDARDS

A defendant may remove to federal court a state-court civil action over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a); *see Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Because it implicates important federalism concerns, removal jurisdiction is strictly construed. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir. 1997). Any doubts concerning removal must be resolved in favor of remand, *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000), and the federal court "must presume that a suit lies outside [its] limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removing party bears the burden of establishing by a preponderance of the evidence that federal jurisdiction

exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

### —Federal question jurisdiction

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. An action can "arise under" federal law as contemplated in Section 1331 in two ways. The first and more obvious way is where a well-pleaded complaint explicitly asserts a cause of action created by federal law. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013); *Singh v. Duane Morris LLP*, 538 F.3d 334, 337 (5th Cir. 2008).

The second way is where a well-pleaded complaint asserts a state-law cause of action that "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[.]" *Venable*, 740 F.3d at 941 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)) (brackets omitted); *see also Singh*, 538 F.3d at 338. A state-law cause of action does not raise a federal issue simply because the parties may ultimately litigate a federal issue, *Venable*, 740 F.3d at 942–43; *Singh*, 538 F.3d at 338, and a civil action does not arise under federal law by dint of a "mention of federal law" in its articulation of a state-law claim. *Howery*, 243 F.3d at 917–19. Rather, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Venable*, 740 F.3d at 943 (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)) (brackets and capitalization omitted); *see also Singh*, 538 F.3d at

338 (noting that resolution of the federal issue must be "*necessary* to resolution of the state-law claim") (emphasis added).

Ultimately, the determination of whether a state-law claim raises a federal issue that confers subject matter jurisdiction on the federal courts is a "contextual" one for which there is no "bright-line rule[.]" *Grable*, 545 U.S. at 317–18. Under the well-pleaded complaint rule, the court limits its inquiry to "what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Venable*, 740 F.3d at 942 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)). Moreover, the district court looks at "the state court complaint as it exists at the time of removal[.]" *Cavallini v. State Farm Mutual Insurance Co.*, 44 F.3d 256, 264–65 (5th Cir. 1995).

—*Section 1443*

"To gain removal to federal court under [Section 1443], the defendant must show both that (1) the right allegedly denied it arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law." *State of Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982). Successful invocation of Section 1443 requires allegations of racial discrimination; a defendant's claim that trying a lawsuit in state court "will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice." *Cabello v. Texas*, 71 Fed. App'x 315, 316 (5th Cir. 2003) (quotation marks omitted) (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219

(1975)); *see also Gulf Water*, 679 F.2d at 86 (holding that the district court correctly remanded a case removed under Section 1443 when "the removal petition merely complain[ed] in a conclusory way of deprivations of certain of [the defendant's] non-race-related civil rights, including freedom of speech, freedom of association, and due process of law"). "Section 1443 is construed narrowly." *City of Houston v. Club Fetish*, No. 4:13-CV-944, 2013 WL 1767777, at *3 (S.D. Tex. Apr. 24, 2013).

## ANALYSIS

Johnson has not carried her burden of establishing by a preponderance of the evidence that federal jurisdiction exists and that removal was proper.

### —*Federal question jurisdiction*

Johnson first contends that this case "present[s] a ripe FEDERAL QUESTION concerning an unfair application of state law" because she intends to bring a "federal civil action [that] attacks the problem of state courts routine but illegal denial of a recognized due process of law[.]" (Dkt. 1 at p. 3). The Court disagrees.

Clear Point's state-court pleading does not mention any federal law; it is a form pleading promulgated by a Texas justice-of-the-peace court that only states a claim for forcible entry and detainer under Texas state law. (Dkt. 5-3 at p. 2). Clear Point has sued Johnson solely under a Texas state-law cause of action, and Johnson cannot create federal subject matter jurisdiction by simply raising federal questions as defenses or counterclaims. *Bernhard v. Whitney National Bank*, 523 F.3d 546, 550–51 (5th Cir. 2008) ("Even an inevitable federal defense does not provide a basis for removal jurisdiction."); *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) ("[A]

counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."). ¡As discussed above, a state-law cause of action does not raise a federal issue simply because the parties may ultimately litigate a federal issue. *Venable*, 740 F.3d at 942–43; *Singh*, 538 F.3d at 338. Accordingly, Johnson cannot create federal subject matter jurisdiction by asserting a counterclaim for violations of the due process provisions of the United States Constitution.

*—Section 1443*

Johnson's attempt to invoke Section 1443 is also deficient. Johnson does not allege racial discrimination; she simply complains in a conclusory manner that she was deprived of her right to due process of law. Such allegations are insufficient to establish a right to removal under Section 1443. *Gulf Water*, 679 F.2d at 86; *see also Cabello*, 71 Fed. App'x at 316 ("Cabello concedes that his claims do not involve racial discrimination and he has therefore not made the required showing.").

## CONCLUSION

Johnson bears the burden of establishing by a preponderance of the evidence that federal jurisdiction exists and that removal was proper. *Manguno*, 276 F.3d at 723. She has not carried that burden. Accordingly, the record does not show that this Court has subject matter jurisdiction over this dispute, and this case is **REMANDED** to County Civil Court at Law Number 4 of Harris County, Texas, where it was assigned cause number 1209772.

The Clerk is directed to provide a copy of this order to the parties. The Clerk is further directed to send a certified copy of this order via certified mail, return receipt requested, to the County Clerk of Harris County, Texas and the Clerk of County Civil Court at Law Number 4 of Harris County, Texas. Any pending motions are **DENIED as moot**.

SIGNED at Houston, Texas on January 9, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE